NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0680n.06

No. 09-5720

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Nov 04, 2010**
LEONARD GREEN, Clerk

MARYMOUNT MEDICAL CENTER, INC.,　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff-Appellee,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　ON APPEAL FROM THE UNITED
PALMARIS IMAGING, LLC,　　　　　　　　　)　STATES DISTRICT COURT FOR
　　　　　　　　　　　　　　　　　　　　)　THE EASTERN DISTRICT OF
　　　　Defendant-Appellant.　　　　　　　)　KENTUCKY
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)

Before:　KETHLEDGE and WHITE, Circuit Judges; and BECKWITH, District Judge.[*]

　　　　KETHLEDGE, Circuit Judge.　This case arises from a contract dispute between Palmaris Imaging, LLC and Marymount Medical Center, Inc.　The contract said that Palmaris would provide radiology services to Marymount, a hospital.　Palmaris terminated the contract less than a year after it began.　Palmaris cited two reasons for the termination:　First, it said Marymount had not employed and retained competent non-physician personnel in Marymount's radiology department.　Second, it said that Marymount's radiology equipment was inadequate.　The question presented at trial was whether these reasons amounted to "cause" for termination under § 4.5 of the contract.

---

[*]The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

The district court conducted a five-day bench trial on that question, after which it entered an order comprising 38 pages of factual findings (none of which Palmaris challenges here) and 18 pages of legal conclusions. The court construed "cause," as used in § 4.5 of the contract, to require some violation of the contract itself, since that same section gives the "violating party" 30 days to cure. We think that is an eminently sensible reading of the words and structure of the provision. The district court then held that neither of Palmaris's asserted grounds for termination amounted to cause. We find no error in that conclusion. The personnel problems were not due to a breach by Marymount of its obligation to "employ and retain" non-physician personnel, *see* § 2.6. Instead, the district court said, those problems were the result of a breach of a different obligation—namely, that of *Palmaris* to provide Marymount a "Medical Director" whose duties expressly included supervision of the personnel that Palmaris said were not doing their jobs well. We see no basis for disagreement with the facts or reasoning that underlay that conclusion.

Palmaris's second ground for termination fares no better. The record amply supports the district court's conclusion that Palmaris knew or should have known what kind of radiology equipment Marymount possessed at the time of the agreement. Palmaris in fact asked Marymount to purchase only one piece of equipment—a "multi-plate CR." Marymount promptly bought that piece of equipment. Palmaris can hardly complain now that Marymount did not buy more than Palmaris asked it to buy. And we otherwise have no disagreement with the district court's findings and conclusions in its careful and exhaustive opinion.

The district court's judgment is affirmed.